IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TRINA DAVIS, on behalf of herself and all others similarly situated, : : : : Plaintiff, : : v. : : HAWTHORNE RESIDENTIAL : PARTNERS, LLC, a Foreign Limited : Liability Company, : : Defendant. : : | 3:19-CV-51 (CAR) |

**ORDER ON JOINT MOTION FOR FINAL APPROVAL OF FLSA SETTLEMENT AGREEMENT**

Currently before the Court is the parties' Joint Motion for Final Approval of FLSA Settlement [Doc. 25]. On July 8, 2020, the Court approved the parties' Joint Motion for Preliminary Approval of Settlement. Since the Court's July 8, 2020 Order, Plaintiff's counsel mailed out notices to 195 class members. Eighteen of those members have opted in to this lawsuit, and the parties now seek final approval of their proposed settlement.

**LEGAL STANDARD**

As the parties recognize, there cannot be a private settlement of claims

1

under the FLSA.[1] The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and their employees.[2] Thus, settlements must either be approved by the Department of Labor or the district court through stipulation.[3] In this case, because Plaintiff brought a private action against Defendants, the Court must approve the settlement but only after "scrutinizing the settlement for fairness."[4] The Court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."[5] The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.[6]

---

[1] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).
[2] *Id.*
[3] *Id.; see also Lee v. Flightsafety Serv. Corp.*, 20 F.3d 428 (11th Cir. 1994).
[4] *Lynn's Food Stores*, 679 F.2d at 1353.
[5] *Id.* at 1353, 1355.
[6] *Id.* at 1354.

## ANALYSIS

**<u>Settlement Sum</u>**

Plaintiff represents a proposed collective she defines as all of Hawthorne's "current and former assistant managers who worked for Hawthorne at any time during the three years before the filing of the Complaint."[7] Plaintiff alleges that Hawthorne violated the FLSA by failing to pay her and other members of the collective full overtime pay because it failed to include bonuses in the regular rate of pay when calculating overtime. Hawthorne denies those allegations.

Here, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of overtime compensation Plaintiff and the collective are entitled to receive. The parties attest to the fairness and reasonableness of their settlement, having agreed to the terms of the settlement after they were counseled by their respective attorneys who represented them throughout this action. The parties recognize and acknowledge the expense, length of time, and risks litigation could entail. Thus, the Court finds the settlement terms in the agreement are a fair and reasonable resolution of the bona fide disputes in this action. Three provisions of the settlement agreement—the attorneys' fees, Plaintiff Davis's general release, and this Court's proposed retention of jurisdiction—however, require further

---

[7] Compl. at ¶ 33 [Doc. 1].

discussion.

**Attorneys' Fees**

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employees recover under a settlement agreement."[8] The parties have agreed that Plaintiff's counsel will receive $25,000 in attorneys' fees and $1,500 towards class administration costs.

To date, Plaintiff's counsel has expended approximately $39,000 in fees and $1,118 in costs and expects to expend more than 15 additional hours towards class administration. Carlos Leach, the Managing Partner for the Leach Firm, P.A., submitted an affidavit averring to his extensive experience litigating class and collective actions under the FLSA; the massive undertaking of the data shared between the parties to calculate and verify the alleged damages of each collective member for unpaid overtime; the research conducted; the numerous settlement negotiations discussing the methodology for calculating the alleged damages; the significant work in implementing the final settlement administration process; and the overall vigorous representation of Plaintiff and the collective members of this action. The Court finds no reason the attorneys' fees have influenced the

---

[8] *Silva v. Miller,* 307 Fed. Appx. 349, 351 (11th Cir. 2009) (unpublished opinion) (citations omitted).

reasonableness of the settlement.

**General Release**

Unlike the other collective members, Davis has executed a separate general release in favor of Hawthorne as consideration for the enhanced service award she will receive as the named plaintiff in the action. General releases are frequently viewed as "'side deal[s]' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee."[9] General releases often do not survive judicial scrutiny because they "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer."[10]

Many courts, however, have approved general releases in FLSA agreements "where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties."[11] Here, the parties assert that the general release clause was negotiated separately by the parties with the benefit of legal advice from counsel and is supported by $2000 in additional consideration. Thus, the Court finds the general release provision does not

---

[9] *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (quoting *Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1238-39 (M.D. Fla. 2010)).
[10] *Id.* at 1351-52.
[11] *Serbonich v. Pacifica Fort Myers, LLC*, 2018 WL 2440542, at *3 (M.D. Fla. May 29, 2018), *report and recommendation adopted*, 2018 WL 2451845 (M.D. Fla. May 31, 2018) (citations omitted).

undermine the fairness or reasonableness of the settlement agreement.

**Retention of Jurisdiction**

As a final matter, the parties request this Court retain jurisdiction of this action to enforce the settlement agreement. Like other courts in this Circuit, this Court disfavors retention of jurisdiction over such matters and therefore denies such request.[12]

## CONCLUSION

Having duly considered the matter, the Court hereby **GRANTS** the parties' Motion for Final Approval of FLSA Settlement but **denies** the request to retain jurisdiction to enforce the settlement agreement [Doc. 25]. This action is hereby **DISMISSED WITH PREJUDICE.**

**SO ORDERED** this 11th day of September, 2020.

s/C. Ashley Royal _____  
C. ASHLEY ROYAL SENIOR JUDGE  
UNITED STATES DISTRICT COURT

---

[12] *See, e.g., Carrasquillo v. Millennium Lawn & Landscape, Inc.*, Case No. 8:19-cv-526-T-36CPT, 2019 WL 3490067, at 4 (M.D. Fla. July 25, 2019); *Serbonich*, 2018 WL 2440542, at *4.